**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-1813**

───────────────

ERIKA JACOBS,

Plaintiff - Appellant,

v.

ATRIUM HEALTH UNIVERSITY,

Defendant - Appellee.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge; Frank D. Whitney, Senior District Judge. (3:24-cv-00458-KDB-SCR)

───────────────

Submitted:  January 23, 2025                    Decided:  January 27, 2025

───────────────

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Erika Jacobs, Appellant Pro Se. Jazzmin M. Romero, ROBINSON BRADSHAW & HINSON, PA, Charlotte, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Erika Jacobs appeals the district court's June 27, 2024, order dismissing her civil complaint without prejudice and with leave to amend; July 31, 2024, order closing the case after Jacobs failed to file an amended complaint within the time allotted; and August 23, 2024, order construing Jacobs's amended complaint as a request to reopen the case and denying it.[1]  We affirm.

Beginning with the district court's June 27, 2024, order, the district court ruled that it lacked subject matter jurisdiction over Jacobs's complaint because the complaint did not raise a federal question and because it failed to sufficiently allege the amount in controversy required for diversity jurisdiction.  On appeal, Jacobs's informal brief does not contest the district court's reasons for dismissing her complaint.  We thus conclude that she has forfeited appellate review of the district court's June 27, 2024, order.  *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").  And Jacobs has likewise forfeited appellate review of the district court's July 31, 2024, order, which relied on the June 27 order to close the case.

Turning to the district court's August 23, 2024, order, the district court declined to reopen the action for two reasons relevant here: (1) Jacobs failed to timely file her amended complaint and offered no excuse for her belated filing; and (2) Jacobs's amended complaint

---

[1] The Honorable Frank D. Whitney, Senior United States District Judge, entered the June 27, 2024, and July 31, 2024, orders.  The Honorable Kenneth D. Bell, United States District Judge, entered the August 23, 2024, order.

2

did not adequately allege complete diversity of citizenship among the parties. While Jacobs's informal brief contests both of those conclusions, we agree with the district court that Jacobs did not timely file her amended complaint and affirm on that basis.[2]

Finally, we conclude that Jacobs is not entitled to relief on her argument that Judge Whitney was biased against her. Jacobs's claim finds no support in the record. Moreover, much of her criticism of Judge Whitney actually relies on the content of the August 23, 2024, order, which Judge Bell entered.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Jacobs asserts that she did not receive the district court's June 27, 2024, order authorizing her to file an amended complaint until three days after the deadline for amendment had passed. But she never raised this issue in the district court despite having an opportunity to do so.

3